**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARRELL BRANDON BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-648-GKF-TLW |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate and appears *pro se*. Prior to the filing of a response by Respondent, Petitioner filed a pleading entitled "Motion/Request to Supplement the Petition for Writ of Habeas Corpus" (Dkt. # 5). In his motion, Petitioner requests that he be allowed to "supplement" his petition with a claim that "the police officers lacked probable cause to seize and arrest petitioner." See Dkt. # 5. By Order filed June 12, 2009 (Dkt. # 12), the Court directed Respondent to file a response addressing Petitioner's motion to "supplement." On June 30, 2009, Respondent filed a "Motion to Dismiss Added Claim for Failure to Exhaust State Court Remedies" (Dkt. # 13), along with a supporting brief (Dkt. # 14). Petitioner filed a response (Dkt. # 15).

For the reasons discussed below, the Court finds that Petitioner's motion to "supplement" is unnecessary and should be declared moot. Furthermore, the new ground of error identified in the motion to "supplement" is unexhausted and subjects this entire action to dismissal without prejudice for failure to exhaust state court remedies. Petitioner may avoid dismissal if he files, within twenty (20) days of the entry of this Order, a motion to withdraw his unexhausted claim. If Petitioner withdraws his unexhausted claim, Respondent's motion to dismiss added claim will be declared

moot and the claims asserted in the original petition will be before the Court for resolution. If Petitioner fails to file a motion to withdraw his unexhausted claim, this entire action will be dismissed without prejudice for failure to exhaust state court remedies.

## *PROCEDURAL BACKGROUND*

The record reflects that Petitioner was convicted by a jury of First Degree Robbery, After Former Conviction or Two or More Felonies (Count 1), in Tulsa County District Court, Case No. CF-2006-1810. Subsequent to his jury trial, he entered a plea of guilty to Possession of Marijuana with Intent to Distribute (Count 2). He was sentenced to forty (40) years imprisonment and fined $10,000.00 on Count 1, and sentenced to ten (10) years imprisonment on Count 2, with the sentences ordered to be served concurrently. Attorney David C. Phillips, III, represented Petitioner during trial proceedings.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2006-1036, challenging his conviction on Count 1. On direct appeal, Petitioner was represented by attorney Stephen J. Greubel and he raised two (2) propositions of error as follows:

> Proposition 1: Appellant Brown's first statement was obtained in violation of *Miranda v. Arizona*, and the district court erred in failing to sustain Appellant Brown's motion to suppress.
>
> Proposition 2: Appellant Brown's Fifth and Fourteenth Amendment rights were violated when he expressed during a custodial interrogation his desire to have an attorney present, and the law enforcement officers failed to immediately cease the custodial interrogation.

(Dkt. # 6, Ex. 1). In addition, Petitioner filed a "*pro se* supplemental direct appeal brief" raising the following additional three (3) grounds of error:

> Proposition 3: There was insufficient evidence to prove Appellant guilty of Count One, beyond a reasonable doubt.

>    Proposition 4:   Appellant was denied his Sixth Amendment right to the effective assistance of trial counsel.
>
>    Proposition 5:   Appellant's sentence is excessive, in violation of the Eighth Amendment.

(Dkt. # 6, Ex. 1A). By order entered December 3, 2007, the OCCA considered and rejected all five (5) claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 6, Ex. 3. Petitioner has not sought post-conviction relief in the state courts. See Dkt. # 6, ¶ 4.

On November 5, 2008, Petitioner filed his petition for writ of habeas corpus in this Court (Dkt. # 1). He raises five (5) grounds of error, as follows:

>    Ground 1:   There was insufficient evidence to prove Appellant guilty of count one, beyond a reasonable doubt.
>
>    Ground 2:   Appellant was denied his Sixth Amendment right to the effective assistance of counsel.
>
>    Ground 3:   Appellant's sentence is excessive, in violation of the Eighth Amendment.
>
>    Ground 4:   Mr. Brown's first statement was obtained in violation of Miranda v. Arizona, and the district court erred in failing to sustain Mr. Brown's motion to suppress.
>
>    Ground 5:   Mr. Brown's Fifth and Fourteenth Amendment rights were violated when he expressed during a custodial interrogation his desire to have an attorney present, and the law enforcement officers failed to immediately cease the custodial interrogation.

See Dkt. # 1. Prior to the filing of a response by Respondent, Petitioner filed a "motion/request to supplement the petition for writ of habeas corpus" (Dkt. # 5). Respondent filed a response (Dkt. # 6) to the original petition, stating that the claims raised therein are exhausted and timely filed. However, in response to Petitioner's motion to "supplement," Respondent filed a motion to dismiss added claim for failure to exhaust state remedies. See Dkt. # 13. Respondent argues that Petitioner seeks to add a new unexhausted claim subjecting this entire action to dismissal.

3

*ANALYSIS*

**A.  Motion to "supplement" is moot**

In his motion to "supplement," Petitioner requests leave of Court to add a claim that the police lacked probable cause to arrest him. As discussed in more detail below, that claim is a new claim, asserting a new legal theory and different supporting facts. As a result, the motion to "supplement" shall be adjudicated as a motion to amend to add a sixth proposition of error to the petition for writ of habeas corpus. A party's request to amend a pleading is governed by Rule 15, *Federal Rules of Civil Procedure*.  Under Rule 15(a), a party may amend its pleading once as a matter of course before being served with a responsive pleading. See Fed. R. Civ. P. 15(a)(1)(A). As discussed above, Petitioner filed his motion to "supplement" prior to being served with a responsive pleading.  Therefore, leave of court is not needed, the Court treats the supplementation as a proper amendment to the petition, and the motion shall be declared moot.

**B.  New ground of error contained in motion to "supplement" is unexhausted**

Habeas corpus relief cannot be granted under § 2254 unless the Petitioner satisfies the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'"  Harris v. Champion, 15 F.3d

1538, 1554 (10th Cir. 1994) (quoting Rose, 455 U.S. at 518); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998). "In order to exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).

In this case, Respondent argues that in the motion to "supplement," Petitioner adds a new ground of error that has not been presented to the state courts. After reviewing the record, including the briefs filed by Petitioner on direct appeal, the Court finds that Petitioner did raise the five (5) grounds of error identified in the original petition on direct appeal and those grounds are, therefore, exhausted. However, Petitioner has not "fairly presented" the new ground identified in the motion to "supplement" to the state courts.[1] Therefore, in the absence of an exception to the exhaustion doctrine, the addition of the new ground of error identified in the motion to "supplement" results in a "mixed petition," subject to dismissal for failure to exhaust state remedies. Pliler v. Ford, 542 U.S.

---

[1] In his motion to "supplement" (Dkt. # 5), Petitioner identifies his new ground for relief as follows: "[t]he police officers lacked probable cause to seize and arrest petitioner." In support of this proposition of error, Petitioner alleges that he was arrested without an arrest warrant, there was no physical evidence implicating him in the robbery, and no witness identified him as the person who committed the robbery. As a result, he claims his arrest violated the Fourth Amendment. See Dkt. # 5. Petitioner asserts that his new ground for relief "is in line with Proposition #(4) of the Habeas Corpus petition and is for purposes of the exhaustion requirement allowable." (Dkt. # 5, emphasis in original). In the fourth ground of error raised in the petition, Petitioner asserts that his first statement to police was obtained in violation of Miranda v. Arizona, and the district court erred in failing to sustain his motion to suppress. The Court finds the new ground for relief and ground 4 of the petition are based on distinct legal theories and separate factual allegations. Thus, the new ground for relief is not substantially equivalent to any proposition of error raised on direct appeal and has not been fairly presented to the state courts. The Court specifically rejects Petitioner's argument as asserted in his response to Respondent's motion to dismiss added claim, see Dkt. # 15 at 3-7, that his claims under the Fourth and Fifth Amendments "merge together" for purposes of exhaustion.

225, 227, 230 (2004); Rose, 455 U.S. at 510 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on Petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). To satisfy the exhaustion requirement in this case, Petitioner would be required to file an application for post-conviction relief in Tulsa County District Court and to appeal any adverse ruling to the OCCA. Pursuant to Okla. Stat. tit. 22, § 1086, the state courts routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on direct appeal. Petitioner asserts that it would be futile to require him to return to state court to exhaust his new ground of error because the state courts would undoubtedly impose a procedural bar on the claim. The Court, however, disagrees. Although under Oklahoma law a prisoner may not raise an issue omitted from his direct appeal in an application for post-conviction relief, there are exceptions to this rule. See Jones v. State, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). Specifically, prisoners may raise issues not asserted on direct appeal if "sufficient reason" prevented the assertion of the error, or if the defendant bypassed direct appeal because of a procedural error of counsel. Id.; see also Okla. Stat. tit. 22, § 1086; Pickens v. State, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996) (stating that for ineffective assistance of counsel claims raised for the first time in post-conviction proceedings, the court will "review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as that need arises"); Paxton v. State, 910 P.2d 1059, 1061-62 (Okla. Crim. App. 1996) (noting exceptions to the rule that ineffective assistance claims not raised on direct appeal may be waived). Because there is a possibility that the state court may allow review of Petitioner's claim under one of these exceptions, there remains an available state

avenue of redress, and Petitioner must exhaust that remedy before proceeding with his new ground of error in federal court. See 28 U.S.C. § 2254(c); see also, e.g., Braggs v. Attorney Gen. of Okla., No. 98-6156, 1998 WL 864070, at *2 (10th Cir. Dec. 14, 1998) (unpublished); Garza v. Gibson, No. 99-7036, 1999 WL 1054679, at *2 (10th Cir. Nov. 22, 1999) (unpublished). Furthermore, there is no statute of limitations applicable to non-capital applications for post-conviction relief, and thus in Oklahoma "an application for post-conviction relief in a non-capital case is always deemed to be timely filed." Moore v. Gibson, 27 P.3d 483, 484 n. 1 (Okla. Crim. App. 2001). Accordingly, Petitioner faces no statute of limitations issue if he returns to state court to exhaust the new ground of error.

When confronted with a "mixed petition," the Court may either "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies; or . . . deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted). The Court may also allow a petitioner to amend the habeas petition to delete the unexhausted claims, and proceed only on the exhausted claims. Rose, 455 U.S. at 510. Additionally, in "limited circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Moore, 288 F.3d at 1235 n.4. However, this procedure is only available when the petitioner has demonstrated "good cause" for the failure to exhaust, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278.

Petitioner has not demonstrated "good cause" for his failure to exhaust. As a result, the Court declines to stay this action while Petitioner returns to state court. In addition, if the Court were

to dismiss this action without prejudice based on Petitioner's failure to exhaust state remedies, Petitioner would encounter a limitations problem were he to return to federal court after exhausting state remedies. Federal habeas corpus actions must be filed within the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Under to § 2244(d)(1)(A), Petitioner's one-year limitations period began to run 90 days after his conviction was affirmed on direct appeal. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). In this case, the OCCA affirmed Petitioner's Judgment and Sentence on December 3, 2007. His conviction on Count 1 became final 90 days later, on March 3, 2008, and he had one year, or until March 3, 2009, within which to file a timely petition for writ of habeas corpus. The instant petition was filed November 5, 2008, well before the limitations deadline. However, during the pendency of this action, the one-year deadline has passed. The pendency of this federal action does not toll the one-year limitations period. See Duncan v. Walker, 533 U.S. 167, 181 (2001). As a result, if this action were dismissed without prejudice for failure to exhaust state court remedies, any effort by Petitioner to return to federal court after exhausting his claims would be precluded by the § 2244(d) limitations period.

Despite the limitations obstacle, the Court finds that it would not be an abuse of discretion to dismiss this petition. Nonetheless, Petitioner should be afforded the opportunity to proceed with his exhausted claims. Therefore, should Petitioner wish to proceed with his exhausted claims, i.e., the claims raised in the original petition, he may, within twenty (20) days of the entry of this Order, file a motion to withdraw the unexhausted claim raised in the motion to "supplement." If Petitioner fails to file a motion to withdraw the unexhausted claim, the Court will enter an order dismissing this action in its entirety without prejudice for failure to exhaust state remedies. Petitioner is advised

that if he withdraws his unexhausted claim from this federal habeas action, he may nonetheless seek post-conviction relief in state court on his unexhausted claim.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's "motion/request to supplement the petition for writ of habeas corpus" (Dkt. # 5) is **declared moot**.

2. The ground of error contained in the motion to "supplement" is a new claim and is unexhausted. As a result, this entire action is subject to being dismissed without prejudice for failure to exhaust state court remedies.

3. To avoid dismissal, Petitioner may, within twenty (20) days of the entry of this Order, or by **August 20, 2009**, file a motion to withdraw his unexhausted claim as raised in the "motion to supplement." If Petitioner files a motion to withdraw his unexhausted claim, Respondent's motion to dismiss will be declared moot and the Court will adjudicate the grounds of error raised in the original petition.

4. Should Petitioner fail to file a motion to withdraw his unexhausted claim by the above-referenced deadline, the Court will enter an Order dismissing this action without prejudice for failure to exhaust state court remedies.

DATED THIS 31st day of July, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma