**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARRELL BRANDON BROWN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-CV-648-GKF-TLW |
| | ) |
| **JUSTIN JONES,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Darrell Brandon Brown, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 6), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 6 and 7). Petitioner filed a reply (Dkt. # 11). On June 30, 2011, Petitioner filed a motion to amend (Dkt. # 23). For the reasons discussed below, the Court finds the motion to amend shall be denied. In addition, the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On April 10, 2006, a man wearing a gray hooded sweatshirt and wearing a large Afro wig robbed the Arvest Bank located at 31st and Garnett in Tulsa, Oklahoma. He effected the robbery by tossing a handwritten note to the teller. The note stated "give me the money or <u>die</u>!! No funny shit, okay, no bullshit." The robber grabbed a stack of one hundred dollar bills from the teller and ran out of the bank. The bank's loss was $3,500. One of the local news broadcasts reported the bank robbery in a "Crime Stoppers" segment and showed a surveillance photograph of the robber. Diana Jarvis, an employee of Labor Finders, a temporary employment agency, recognized the robber as one of their regular workers, Darrell Brown. Ms. Jarvis called "Crime Stoppers" to report the information. She also provided a copy of Petitioner's job application for the police to use as a known

handwriting sample. Petitioner was arrested on April 12, 2006. As he was being transported to the police station, he made a voluntary incriminating statement. While conducting a pat down of Petitioner at the police station, the police officer found fifteen individual bags of marijuana. Police officers proceeded to interview Petitioner and, after being advised of his rights under Miranda,[1] he confessed to robbing the bank.

Based on those events, Petitioner was convicted after a jury trial, in Tulsa County District Court, Case No. CF-2006-1810, of First Degree Robbery, After Former Conviction of Two or More Felonies (Count I). On September 22, 2006, Petitioner entered a plea of guilty to Possession of Marijuana With Intent to Distribute (Count II). On that same day, the trial court judge sentenced Petitioner in accordance with the jury's recommendation for Count I to forty (40) years imprisonment, and to ten (10) years imprisonment on Count II, with the sentences to be served concurrently. Petitioner was represented during trial and sentencing proceedings by attorney David C. Phillips, III.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, Petitioner raised the following propositions of error:

>   Proposition 1: Appellant Brown's first statement was obtained in violation of *Miranda v. Arizona*, and the district court erred in failing to sustain Appellant Brown's motion to suppress.
>
>   Proposition 2: Appellant Brown's Fifth and Fourteenth Amendment rights were violated when he expressed during a custodial interrogation his desire to have an attorney present, and the law enforcement officers failed to immediately cease the custodial interrogation.

---

[1]    Miranda v. Arizona, 384 U.S. 436 (1966).

See Dkt. # 6, Ex. 1. Petitioner also filed a pro se supplemental brief rasing three (3) additional propositions of error, as follows:

> Proposition 3: There was insufficient evidence to prove Appellant guilty of Count one, beyond a reasonable doubt.
>
> Proposition 4: Appellant was denied his right to the effective assistance of counsel.
>
> Proposition 5: Appellant's sentence is excessive, in violation of the Eighth Amendment.

See Dkt. # 6, Ex. 1a. In an unpublished summary opinion filed December 3, 2007, in Case No. F-2006-1036 (Dkt. # 6, Ex. 3), the OCCA rejected all five (5) claims and affirmed the Judgment and Sentence of the district court.

On November 5, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies five (5) grounds for relief, as follows:

> Ground 1:   There was insufficient evidence to prove Appellant guilty of Count one, beyond a reasonable doubt.
>
> Ground 2:   Appellant was denied his Sixth Amendment right to the effective assistance of trial counsel.
>
> Ground 3:   Appellant's sentence is excessive, in violation of the Eighth Amendment.
>
> Ground 4:   Mr. Brown's first statement was obtained in violation of Miranda v. Arizona, and the district court erred in failing to sustain Mr. Brown's motion to suppress.
>
> Ground 5:   Mr. Brown's Fifth and Fourteenth Amendment rights were violated when he expressed during a custodial interrogation his desire to have an attorney present, and the law enforcement officers failed to immediately cease the custodial interrogation.

See Dkt. # 1, attached brief. In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 6.

3

On June 30, 2011, or long after the issues raised in the petition were fully briefed, Petitioner filed a motion to amend (Dkt. # 23). Respondent did not file a response to the motion to amend.

## *ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon review of the petition and the state court record, the Court finds that Petitioner has exhausted his state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Motion to amend**

In his motion to amend, Petitioner seeks leave to raise three new claims, identified on the first page of the motion as Propositions 6, 7, and 8. See Dkt. # 23. The claims include ineffective assistance of appellate counsel (a) for failing "to conduct the proper investigation concerning the use of my AFCF's that my trial counsel allowed to be used against me," (b) for failing "to challenge the effectiveness of trial counsel's performance in allowing the State's AFCF's in this matter," and (c) for failing "to raise the issue on the 'probable cause to arrest.'" Id.  Petitioner also alleges that the police lacked probable cause to arrest him and that he received ineffective assistance of trial counsel when he failed to challenge the prior convictions used to enhance his sentence. Id. Petitioner states that he exhausted state judicial remedies for the claims identified in the motion to amend by presenting them to the OCCA in a post-conviction appeal, Case No. PC-2011-236. Id.  Petitioner also provides a copy of an order entered in that case declining jurisdiction and dismissing the post-

4

conviction appeal based on Petitioner's failure to comply with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*. Id., attached order.

Consideration of Petitioner's motion to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000). The Court finds that the grounds of error identified in the proposed amended petition are new claims that do not relate back to the original petition. See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Petitioner has been previously advised, see Dkt. # 20, that pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner timely filed his original petition.[2] His motion to amend,

---

[2] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on March 3, 2008, after the 90 day period for seeking *certiorari* review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, Petitioner's one year limitations period began to run on March 4, 2008, and his deadline for filing a timely petition for writ of habeas corpus was March 4, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011); United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Absent a tolling event, see 28 U.S.C. § 2244(d)(2), a petition filed after March 4, 2009, would be time-barred. The original petition in this case

however, was not filed until more than two (2) years after filing the original petition, or well after expiration of the one-year limitations period. Since Petitioner's new claims do not relate back, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow amendment in this case by adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll the federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case. Equitable tolling may be appropriate where a prisoner is actually innocent. Id. Although Petitioner confessed to robbing the bank, he now makes an unsupported allegation that he is actually innocent. See Dkt. # 1, attached brief at 8. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id.

---

was filed November 5, 2008, or well before the deadline. However, during the pendency of this action, the deadline has passed.

at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling.

Furthermore, Petitioner did not exercise diligence in pursuing the new claims identified in the motion to amend. According to the docket sheet for Tulsa County District Court, Case No. CF-2006-1810, see www.oscn.net, Petitioner first began to exhaust state remedies for the new claims by commencing a post-conviction proceeding in the state district court on November 2, 2010, or more than a year after expiration of the limitations period.[3] Petitioner offers no explanation for his lack of diligence. The Court notes that a lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. As a result, Petitioner is not entitled to equitable tolling and the new claims identified in the motion to amend petition are time-

---

[3]  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

barred.[4] Therefore, the motion to amend shall be denied. The Court will consider only the claims asserted in the petition (Dkt. # 1).

**C.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's grounds 1-5 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

---

[4]     Even if the claims identified in the motion to amend were not time-barred, they would be subject to imposition of a procedural bar based on the OCCA's dismissal of the post-conviction appeal on independent and adequate state law grounds. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (finding that failure to comply with Rule 5.2(C) is an "adequate" ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (same). Therefore, federal habeas corpus review of Petitioner's claims would be precluded absent a showing of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if his claims are not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). Petitioner has not made the necessary showing.

**1. Sufficiency of the evidence (ground 1)**

In his first proposition of error, Petitioner claims that the State presented insufficient evidence to support his conviction for First Degree Robbery. On direct appeal, the OCCA rejected this claim, citing Peninger v. State, 721 P.2d 1338, 1341 (Okla. Crim. App. 1986), and stating as follows:

> Brown's properly admitted statements as discussed in Propositions I and II were sufficient standing alone for a rational trier of fact to convict Brown. However, Brown was also positively identified as the robber by a coworker who viewed the surveillance tape. Moreover, handwriting analysis comparing Brown's employment application to the demand note from the bank reflected a high probability that the writers were the same.

(Dkt. # 6, Ex. 3).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

The Court finds that the evidence against Petitioner, when viewed in the light most favorable to the prosecution, was overwhelming and was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of First Degree Robbery. The jury viewed Petitioner's videotaped confession. The jury also heard Petitioner's coworker testify that she was 100 % certain that Petitioner was the person in the photograph presented in the Crime Stoppers news

segment. See Dkt. # 7-3, Tr. Trans. at 208, 210. They heard the document examiner for the Tulsa Police Department testify that it was highly probable that the author of the note used to effect the bank robbery was the writer of the known writing sample. Id. at 242. The known writing sample was Petitioner's job application. Id. at 209. The evidence was sufficient to support Petitioner's conviction and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Ineffective assistance of trial counsel (ground 2)

Next, Petitioner complains that trial counsel provided ineffective assistance in failing to (1) succeed on the motion to suppress the confession, (2) challenge the legality of his arrest, (3) investigate adequately the facts and circumstances of the case, (4) communicate adequately with him, (5) call Amber Cooper as a defense witness, and (6) point out weaknesses in the State's case. (Dkt. # 1). On direct appeal, the OCCA denied relief, citing Selsor v. State, 2 P.3d 344, 354 (Okla. Crim. App. 2000) (citing Malicoat v. State, 992 P.2d 383, 405 (Okla. Crim. App. 2000) (in turn citing Strickland v. Washington, 466 U.S. 668, 694 (1984))), and finding that "Brown was not prejudiced by any of trial counsel [sic] alleged errors as the evidence against Brown was overwhelming." See Dkt. # 6, Ex. 3.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable

10

application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

     The Court agrees with the OCCA that Petitioner cannot satisfy the prejudice prong of the Strickland standard. Contrary to Petitioner's allegations and, as stated above, the State's evidence against Petitioner was overwhelming. Assuming, without finding, that trial counsel performed deficiently in failing to raise the identified claims, Petitioner cannot show that the results of the proceeding would have been different but for counsel's deficient performance. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable

application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### 3. Excessive sentence (ground 3)

As his third proposition of error, Petitioner alleges that his sentence is excessive in violation of the Eighth Amendment. On direct appeal, the OCCA rejected this claim, citing Rea v. State, 34 P.3d 148, 149 (Okla. Crim. App. 2001), and finding that "Brown's sentence was reasonable for his crime given the facts of the crime and his prior record." See Dkt. # 6, Ex. 3.

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id.

Petitioner's forty (40) year sentence is within the statutory range of punishment for the crime of First Degree Robbery, After Former Conviction of Two or More Felonies. See Okla. Stat. tit. 21, § 51.1 (providing sentencing range of twenty (20) years to life imprisonment). Though significant, this sentence is not "extraordinary" or "grossly disproportionate" for Petitioner's conviction of First Degree Robbery in light of his criminal history. See United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (collecting authorities). Petitioner is not entitled to habeas corpus relief on this claim.

#### 4.  Statements obtained in violation of <u>Miranda v. Arizona</u> (ground 4)

As his fourth ground of error, Petitioner alleges that the trial court erred in failing to grant his motion to suppress statements he made to Officer Arent at the time of his arrest. The record reflects that prior to completion of jury selection and outside the presence of potential jurors, the trial judge heard testimony from Officer Arent concerning statements made by Petitioner. <u>See</u> Dkt. # 7-3, Tr. Trans. at 87-94. Officer Arent testified that as he transported Petitioner to the police station and before Petitioner had been was advised of his rights under <u>Miranda</u>, Petitioner was agitated and blurted out "[d]amn, if I wouldn't have had my kid with me I would've run." <u>Id.</u> at 89-90.  According to Officer Arent, Petitioner also stated that he was getting ready to leave town. <u>Id.</u> at 90. Officer Arent had not engaged Petitioner in conversation and had not asked him any questions. <u>Id.</u> Based on Officer Arent's testimony, the trial judge determined that Petitioner volunteered the statements and they were admissible. <u>Id.</u> at 94. The OCCA considered and rejected this claim on direct appeal. Citing <u>Washington v. State</u>, 989 P.2d 960, 972 (Okla. Crim. App. 1999) (stating that voluntary statements by in custody defendant admissible without <u>Miranda</u> warnings), the OCCA found that "[a]t no time did Officer Arent ask Brown a question or make a statement that was designed to elicit an incriminating response.  Brown simply volunteered the statement." <u>See</u> Dkt. # 6, Ex. 3.

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). Police must advise suspects of their <u>Miranda</u> rights prior to custodial interrogation. <u>See</u> <u>Miranda</u>, 384 U.S. at 467-68. However, <u>Miranda</u> does not bar the admission of voluntary

13

statements that are not in response to police interrogation. See Rhode Island v. Innis, 446 U.S. 291, 300-02 (1980) (explaining that Miranda safeguards come into play only when a person in custody is subjected to express questioning or its functional equivalent). After examining the record, this Court agrees with the OCCA that Petitioner was not interrogated prior to making the incriminating statements to Officer Arent and that he volunteered the statements. Therefore, Miranda did not bar their admission into evidence. Petitioner is not entitled to habeas corpus relief under § 2254(d) on ground four.

### 5. Failure to cease custodial interrogation (ground 5)

As his fifth ground of error, Petitioner claims that law enforcement officers violated his Fifth and Fourteenth Amendment rights when, during his custodial interrogation, they failed to cease questioning after he expressed a desire to have an attorney present. The OCCA rejected this claim on direct appeal, citing Thrasher v. State, 134 P.3d 846, 850 (Okla. Crim. App. 2006) (stating that law enforcement is not required to cease questioning a defendant who does not unequivocally invoke his right to counsel), and finding that "[a] review of the videotape of the interview reveals that Brown did not invoke his right to an attorney and affirmatively and voluntarily waived his rights. As a result, Brown's statements were properly admitted at trial." See Dkt. # 6, Ex. 3.

In Edwards v. Arizona, 451 U.S. 477 (1981), the Supreme Court held that after an accused clearly invokes his right to have counsel present during a custodial interrogation, officers must cease all questioning and may not reinitiate questioning on any matter until counsel is provided. Id. at 484–85 (the "Edwards rule"). In Davis v. United States, 512 U.S. 452 (1994), the Court described the Edwards rule as requiring courts to "determine whether the accused actually invoked his right to counsel." Id. at 458. The Court stated that reviewing courts must make this objective inquiry with

the understanding that "a statement either is such an assertion of the right to counsel or it is not." Id. at 459. The Court held that "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel," the Edwards rule requiring a cessation of questioning does not apply. Id. at 459.

In order to obtain habeas corpus relief on this claim, Petitioner must demonstrate that the OCCA's adjudication "unreasonably applies [Davis] to the facts of [his] case." Williams v. Taylor, 529 U.S. 362, 407 (2000). Petitioner has failed to make the necessary showing. As the police officers were reviewing his rights under Miranda, Petitioner mumbled words to the effect that, "I ain't got no lawyer, if I had one, I'd like to have one." See Dkt. # 7-1, videotaped recording. The statement regarding an attorney was unclear and ambiguous. The police officers followed the procedure suggested by the Supreme Court in Davis, 512 U.S. at 461, and asked Petitioner to clarify his statement regarding an attorney, advising him that "[y]ou're free to go ahead and say 'I want a lawyer before I talk.' Do you understand that? It's your choice." See Dkt. # 7-1. Petitioner chose to proceed with the interview. Id. Upon review of the record, the Court finds that the OCCA's adjudication was not contrary to, or an unreasonable application of, Supreme Court law. For that reason, Petitioner is not entitled to habeas corpus relief on his claim challenging the admissibility of his confession.

**D. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of

15

appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court finds that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to amend (Dkt. # 23) is **denied**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment in favor of Respondent shall be entered in this matter.
4. A certificate of appealability is **denied**.

DATED this 29th day of February, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma